IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 OCT 19 PM 4: 00

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| CHARLES HUNT GALLINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 2:05CV2380 D/And |
| ) | |
| PURDUE PHARMA COMPANY, PURDUE ) | |
| PHARMA, L.P., PURDUE PHARMA, INC., ) | |
| THE PURDUE FREDERICK COMPANY, ) | |
| P.F. LABORATORIES, INC., PRA ) | |
| HOLDINGS, INC., ABBOTT ) | |
| LABORATORIES, ABBOTT ) | |
| LABORATORIES, INC., AUTHUR ) | |
| FRANKLIN, M.D. AND MOACIR ) | |
| SCHNAPP, M.D., ) | |
| ) | |
| Defendants. ) | |

## RULE 16(B) SCHEDULING ORDER

Pursuant to the Scheduling Conference set by written notice, the following dates are established as the final dates for:

### I.   MATTERS REQUIRING EARLY DISPOSITION

Pursuant to Paragraphs vi.(b) and (g) of the Instructions Concerning Rule 16(b) Scheduling Conference (the "Instructions"), the parties have met and discussed the following matters that the parties believe require early disposition in this case:

**(a)   JURISDICTION**

This case was timely removed to this Court pursuant to 28 U.S.C. §§ 1332, 1334 and 1441, on two separate and independent bases: diversity jurisdiction; and as being "related to" Plaintiff's bankruptcy proceeding. A remand motion pursuant to 28 U.S.C. §§ 1447(c) was not filed within the 30-day time period. The Notice of Removal asserts that diversity jurisdiction exists in this matter because the two non-diverse doctor-defendants, Arthur Franklin, M.D. and Moacir Schnapp, M.D., have been fraudulently joined as Plaintiff's claims against each

M JMS 908113 v1
2139310-000080  10/19/05

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-20-05

25

physician are time-barred. Plaintiff denies that the doctor defendants have been fraudulently joined.

### (b) STATUTE OF LIMITATIONS/STATUTE OF REPOSE MOTIONS

The parties agree that possible statute of limitations and/or statute of repose issues exist in this matter that require early resolution in accordance with the Instructions. Defendants have filed three separate motions for summary judgment based on statute of limitations and/or statute of repose defenses. While the parties are ready to proceed, they recognize that the granting of these motions would end this matter and thereby avoid the significant time and monetary investment associated with the voluminous initial disclosures and subsequent discovery and motion practice. Accordingly, the parties agree that initial disclosures and all subsequent matters should not be scheduled until after the Court rules on Defendants' pending summary judgment motions, which are subject to the following agreed upon briefing schedule: The Purdue Defendants filed their motion on September 6, 2005, the Abbott Defendants filed their motion on September 12, 2005, and Defendants Franklin and Schnapp filed their motion on September 21, 2005. Plaintiff will file his responses to all of these motions no later than November 2, 2005. Any replies will be due on or before November 16, 2005. The date of the Court's order deciding the last of Defendants' motions will hereafter be referred to as the "trigger date."

### (c) PROTECTIVE ORDER

Many of the documents to be produced in this matter contain confidential, proprietary, and trade secret information, the protection of which the parties agree requires entry of a protective order. The parties currently are negotiating the terms of a protective order and expect to submit to the Court for approval and entry a consent protective order within one month after the trigger date. Should the parties not agree upon the terms of the protective order by this date: Defendants will file a motion for a protective order within two months after the trigger date; Plaintiff will file a response within 14 days thereafter; and Defendants will file any replies within seven days thereafter.

## II. INITIAL DISCLOSURES (RULE 26(a)(1)):

The parties agree that except for those disclosures called for by Fed. R. Civ. P. 26(a)(1)(B), the parties' initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made within 14 days after the trigger date. Those disclosures called for by Fed. R. Civ. P. 26(a)(1)(B) shall be made within 14 days after the earlier of (i) the entry of the parties' consent protective order or (ii) the Court's decision on Defendants' Motion for a Protective Order.

## III. JOINING PARTIES AND AMENDING PLEADINGS:

      for Plaintiff --    within three months after the trigger date; and
      for Defendants --  within four months after the trigger date.

## IV. COMPLETING DISCOVERY:

### (a) CLOSE OF DISCOVERY:

The parties agree that this is a complex case involving numerous parties and counsel, a number of whom are from out-of-state. Defense counsel's experience in other matters involving the prescription medication at issue here is that plaintiffs have extensive medical histories involving several medical care providers and raising a variety of scientific and medical issues. Thus, the parties agree that all discovery, including both fact and expert discovery, shall be closed within 14 months after the trigger date.

### (b) NON-EXPERT DISCOVERY:

Requests for production, interrogatories, and requests for admissions and fact witness depositions shall be completed within 14 months after the trigger date.

### (c) EXPERT DISCOVERY:

(i) Plaintiff shall disclose experts pursuant to Rule 26(a)(2) no later than six months prior to the close of discovery.

(ii) Any depositions of Plaintiff's experts shall be completed within two months after their disclosure.

(iii) Defendants shall disclose experts pursuant to Rule 26(a)(2) no later than three months prior to the close of discovery.

(iv) Any depositions of Defendants' experts shall be completed within two months after their disclosure.

(v) Any supplementation of Plaintiff's expert disclosures pursuant to Rule 26(e) shall be filed within 10 days after the time in which to depose Defendants' experts has expired.

(vi) Any supplementation of Defendants' expert disclosures pursuant to Rule 26(e) shall be filed within 10 days after the time in which Plaintiff may supplement his expert disclosure has expired.

Nothing herein shall prevent the parties from moving to strike or exclude or otherwise objecting to some or all of another parties' expert disclosures or supplementation thereof.

3

## V. MEDIATION:

The parties believe that mediation will not further resolution of this matter at this time. Should mediation be ordered hereafter, it shall be completed on or before close of discovery by a mediator agreed upon by the parties.

## VI. DISPOSITIVE MOTIONS:

Dispositive motions shall be filed within two months after the close of discovery, with oppositions thereto due one month thereafter and any replies due 14 days thereafter.

## VII. MOTIONS CHALLENGING THE ADMISSIBILITY OF EXPERT TESTIMONY:

All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than four months after the close of discovery, with oppositions thereto due one month thereafter and any replies due 14 days thereafter.

## VIII. FINAL LISTS OF WITNESSES AND EXHIBITS (Rule 26(a)(3)):

for Plaintiff --      45 days before trial
for Defendants --   30 days before trial

Parties shall have 10 days after service of final lists of witnesses and exhibits to file objections under Rule 26(a)(3).

## IX. TRIAL

The trial of this matter is expected to last two to three weeks. The presiding judge will set this matter for <u>JURY</u> TRIAL. In the event the parties are unable to agree on a joint pretrial order, the parties must notify the court at least 10 days before trial.

## X. OTHER RELEVANT MATTERS:

Interrogatories, Requests for Production and Requests for Admissions must be submitted to the opposing party in sufficient time for the opposing party to respond by the deadline for completion of discovery. For example, if the FRCP allow 30 days for a party to respond, then the discovery must be submitted at least 30 days prior to the deadline for completion of discovery.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or service of the response, answer, or objection which is the subject

4

of the motion if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or any objection to the default, response, or answer shall be waived.

The parties are reminded that pursuant to Local Rule 7(a)(1)(A) and (a)(1)(B), all motions, except motions pursuant to FRCP 12, 56, 59, and 60, shall be accompanied by a proposed Order and a Certificate of Consultation.

The opposing party may file a response to any motion filed in this matter. Reply briefs will be permitted as set forth above.

The parties may consent to trial before the Magistrate Judge. The Magistrate Judge can normally provide the parties with a definite trial date that will not be continued unless a continuance is agreed to by all parties, or an emergency arises which precludes the matter from proceeding to trial.

To the extent ordered, the parties are to engage in court-annexed attorney mediation or private mediation on or before the close of discovery.

This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this Order will not be modified or extended.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

DATE: October 17, 2005

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 25 in case 2:05-CV-02380 was distributed by fax, mail, or direct printing on October 20, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

W. Lee Whitman
LAW OFFICE OF W. LEE WHITMAN
1407 Union Ave.
Ste. 1203
Memphis, TN 38104

Christopher L. Vescovo
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Jill M. Steinberg
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

James F. Sanders
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Walker W. Jones
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Jackson, MS
4268 I-55 North
Meadowbrook Office Park
Jackson, MS 39236

Derrick Freijomil
CHADBOURNE & PARKE LLP
30 Rockfeller Plaza
New York, NY 10112

William David Bridgers
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Honorable Bernice Donald
US DISTRICT COURT